**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **PAUL BROWN,** : | |
| : | |
| Petitioner, : | **Case No. 4:07CV575** |
| : | |
| v. : | **Judge Christopher A. Boyko** |
| : | |
| **ERNIE MOORE, Warden,** : | |
| : | **MEMORANDUM OF OPINION** |
| Respondent. : | |

**CHRISTOPHER A. BOYKO,J:**

This matter is before the Court on Petitioner Paul Brown's Petition Under 28 U.S.C. §2254 for Writ of Habeas Corpus by a Person in State Custody (ECF # 1).  For the following reasons, the Court ACCEPTS and ADOPTS the Magistrate Judge's Report and Recommendation and dismisses Petitioner's petition.

## **FACTS**

The following is a factual synopsis of Petitioner's claims.  The Magistrate Judge's Report and Recommendation adopted and incorporated, provides a more complete

1

and detailed discussion of the facts.  On October 28, 2004, the Trumbull County, Ohio Grand Jury issued an indictment charging Petitioner with one count of Illegal Conveyance of Prohibited Items onto Grounds of Detention Facility or Institution, in violation of Ohio Revised Code ("O.R.C.") § 2921.36(C) & (G)(2).

The matter proceeded to a jury trial where Petitioner represented himself and was  found guilty of the charge in the indictment. On October 12, 2004, the trial court held a sentencing hearing where Petitioner noted that the indictment was erroneous because the crime should have been charged as a felony of the fourth degree.  The prosecutor agreed and stated that the third degree felony indication was a typographical error.  The trial judge considered the conviction a felony of the fourth degree and sentenced Petitioner to seventeen months of imprisonment.

On October 19, 2004, the trial court held a second sentencing hearing where the judge vacated the sentence imposed on October 12, 2004 and sentenced Petitioner for a third degree felony imposing a four year term of imprisonment. The court's journal entry states that a presumption of a prison sentence applied because Petitioner had been convicted of a third degree felony and none of the factors enumerated in O.R.C. §2929.13(D) were present.  The trial judge further found that Petitioner had been convicted of Murder and Receiving Stolen Property, that he had served multiple prison terms, and that he was on parole at the time he committed the offense charged in this case.     The trial judge also concluded that Petitioner posed the greatest likelihood of committing future crimes.

On November 3, 2004, Petitioner filed a Notice of Appeal.  On January 17, 2006, the Eleventh District Court of Appeals affirmed Petitioner's conviction. On February 7, 2006, Petitioner file a *pro se* Motion to Reopen his Appeal pursuant to Ohio Rule of Appellate Procedure 26(B). On October 24, 2006, the Eleventh District Court of Appeals issued a judgment entry denying Petitioner's Motion to Reopen his Appeal. On

2

November 6, 2006, Petitioner filed a *pro se* Notice of Appeal to the Supreme Court of Ohio. On January 24, 2007, the Supreme Court of Ohio dismissed the appeal as not involving a substantial constitutional question.

On February 21, 2007, Petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 asserting the following claims:

> **GROUND ONE:** SENTENCE VOID UNDER 6 & 14 AMENDMENT.
>
> **Supporting FACTS:** State sentencing court inhance [sic] maximum minimum [sic] sentence of one yr by making and using judicial fact finding not found by a jury, nor admitted by defendant. Nor proven beyond a reasonable doubt.

On April 13, 2007, this Court referred Petitioner's petition to the Magistrate Judge for a Report and Recommendation. The Magistrate Judge issued his Report and Recommendation on January 31, 2008. Petitioner timely filed his Objections to the Report and Recommendation on February 11, 2008.

## **STANDARD OF REVIEW**

When a federal habeas claim has been adjudicated by the state courts, 28 U.S.C. §2254(d)(1) provides the writ shall not issue unless the state decision "was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States." Further, a federal court may grant habeas relief if the state court arrives at a decision opposite to that reached by the Supreme Court of the United States on a question of law, or if the state court decides a case differently than did the Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000). The appropriate measure of whether or not a state court decision unreasonably applied clearly established federal law is whether that state adjudication was "objectively unreasonable" and not merely erroneous or incorrect. *Williams*, 529 U.S. at 409-411.

Pursuant to 28 U.S.C. § 2254(e)(1), findings of fact made by the state court are presumed correct, rebuttable only by clear and convincing evidence to the contrary.

3

*McAdoo v. Elo*, 365 F. 3d 487, 493-494 (6th Cir. 2004). Finally, Rule 8(b)(4) of the Rules Governing §2254 states:

> A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify in whole or in part any findings or recommendations made by the magistrate.

## ANALYSIS

Petitioner contends his sentence is invalid because the trial judge sentenced him beyond the minimum sentence based on facts not found by a jury beyond a reasonable doubt. Petitioner also contends he was denied effective assistance of counsel when his appellate counsel did not challenge the sentence.

To demonstrate that counsel's performance was constitutionally ineffective, petitioner must show: (1) his counsel made such serious errors that he was not functioning as the counsel guaranteed by the Sixth Amendment; and (2) his counsel's deficient performance prejudiced the defense by undermining the reliability of the result. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The Court may dispose of an ineffective assistance of counsel claim by finding that petitioner made an insufficient showing on either ground. *Id*. at 697.

Under the first prong of the *Strickland* test, petitioner must demonstrate that his counsel's representation fell below an objective standard of reasonableness based on all the circumstances surrounding the case. *Id*. at 688. Judicial scrutiny of counsel's performance must be highly deferential, and a "fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight" and to evaluate the challenged conduct from counsel's perspective at the time of the conduct. *Id*. at 689. In determining whether or not counsel's performance was deficient, the Court must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance.

To establish prejudice, the "defendant must show that there is reasonable

4

probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. In evaluating whether the Petitioner's Sixth Amendment rights were violated by errors of counsel, the focus is on whether there was a breakdown in the adversarial process affecting the fundamental fairness of the trial and the reliability of the result. *Id.* at 696. As the Government correctly argues, there is no basis to conclude that Petitioner would receive a lighter sentence if he were re-sentenced.  If the state trial court re-sentenced Petitioner today, the judge would have full discretion to impose a sentence above the minimum.

In *Apprendi v. New Jersey*, the U.S. Supreme Court held that, other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt. 530 U.S. 466, 490 (2000).  In 2004, the U.S. Supreme Court decided *Blakely v. Washington* and held that the statutory maximum for *Apprendi* purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant, and not the maximum sentence a judge may impose after finding additional facts. 542 U.S. 269, 303 (2004).

In this case, a jury convicted Petitioner of Count 1 in the indictment, a third degree felony. Pursuant to O.R.C. § 2929.14(A)(3), the potential penalty for a conviction of a third degree felony is one to five years of imprisonment. Further, O.R.C. § 2929.14(B) provides that a trial judge shall impose the shortest available prison term except for in certain circumstances. As the Magistrate Judge correctly concluded, one of those circumstances allowing a judge to impose a greater sentence arises when a defendant has previously served a prison term. O.R.C. § 2929.14(B)(1).

Here, the judge relied on the fact of a prior conviction when he sentenced Petitioner to four years of imprisonment instead of the minimum available sentence of one year.  The Court agrees with the Magistrate Judge that the trial judge's finding that

5

Petitioner posed the greatest likelihood of committing future crimes, does not violate *Blakely* because such a finding was not necessary to impose a sentence beyond the statutory minimum.

As the Magistrate Judge correctly indicates, Under O.R.C. § 2929.14(A)(3) and O.R.C. § 2929.14(B)(1), a judge may impose up to a four year prison term on a person who is convicted of a third degree felony and who has previously served a prison term. In this case, the judge was able to impose a four year sentence based on Petitioner's current conviction and his prior convictions. Therefore,Petitioner has provided no factual basis for vacating his sentence. In the absence of facts beyond mere conclusory allegations, this Court finds Petitioner has failed to meet his burden under *Strickland*, showing his attorney's performance was unreasonable.

For the foregoing reasons, the Court finds Petitioner has failed to demonstrate his counsel's representation was objectively unreasonable and prejudiced Petitioner. The Court **ADOPTS** and **ACCEPTS** the Magistrate Judge's well-reasoned Report and Recommendation. Therefore, Petitioner's Petition Under U.S.C. §2254 for Writ of Habeas Corpus by a Person in State Custody is dismissed.

The Court finds an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915 (a)(3). Since Petitioner has not made a substantial showing of a denial of a constitutional right directly related to his conviction or custody, the Court declines to issue a certificate of appealability. 28 U.S.C. § 2253 (c)(2); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

2/10/2009  s/Christopher A. Boyko
Date  CHRISTOPHER A. BOYKO
United States District Judge